IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

SERRANO SANTANA, LAURA MARGARITA
xxx-xx-2704

DEBTOR

CASE NO. 23-00797/MCF

CHAPTER 13

## DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

**TO THE HONORABLE COURT:**

**COMES NOW, LAURA MARGARITA SERRANO SANTANA**, the Debtor in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The Debtor is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated April 8, 2026, herewith and attached to this motion.

2. This Plan modification is filed to **amend under Part 2, Section 2.1 a change in the payment schedule to provide for certain Plan arrears with a new increased Plan base in the sum of $20,532.00; Part 4, Section 4.3 to request payment of additional attorney's fees ($500) for post-confirmation work performed, in the above captioned case.**

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

**Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 8th day of April, 2026.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

In Re:  LAURA MARGARITA SERRANO SANTANA

xxx-xx-2704-

Case No.:<u>23-00797/MCF</u>

Chapter 13

Check if this is a pre-confirmation amended plan.

**X** Check if this is a post confirmation amended plan Proposed by:

**X** Debtor(s)
❏ Trustee
❏ Unsecured creditor(s)

**Puerto Rico Local Form G**

# Chapter 13 Plan dated _____<u>04/08/2026</u>_____.

**X** If this is an amended plan, list below the sections of the plan that have been changed.

<u>2.1;4.3</u>

<u> </u>

---

## PART 1: Notices

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $180.00 | 31 | $5,580.00 | Plan increase payment at month 34 based on maturity date of car loan |
| $ 0.00 | 5 | $0.00 | December/2025. |
| $200.00 | 6 | $1,200.00 | Increase and months 43 based on the Debtor obtaining new |
| $764.00 | 18 | $13,752.00 | employment. |
| Subtotals | 60 | $20,532.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Banco Popular de PR | Villa Caribe<br>220 Via Campina St<br>Hacienda San Jose<br>Caguas PR 00727 | $982.18 | $1,028.52 | | | $1,028.52 |

____ Months    Starting on Plan Month _____

Disbursed by:
- ☐ Trustee
- ☑ Debtor(s)

| Name of creditor | Collateral | Current installments payments | Amount of arrearage | | | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Coop A//C Jesus Obrero | Idamaris Gardens B9 S Colon St Caguas, PR 00725 | $598.00 | $0.00 | | | $0.00 |

_____ Months    Starting on Plan Month _____

Disbursed by:
- ☐ Trustee
- ☑ Debtor(s)

| Name of creditor | Collateral | Current installments payments | Amount of arrearage | | | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| FirstBank PR | 2017 Kia Sportgage AWD | $452.00 | $3,322.20 | | | $3,322.20 |

Disbursed by:
_____ Months    Starting on Plan Month _____
- ☐ Trustee
- ☑ Debtor(s)

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien Avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of creditor** | **Collateral** |
|---|---|
| | **Shares and deposits ($1,200.00) as per Claim No. 3.** |
| Coop Jesus Obrero Claim No 3 | |

**3.6    Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| None | | |

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

### 3.7 Other secured claims modifications.

*Check one.*

✓ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

### 4.3 Attorney's fees

*Check one.*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | **$535.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | **$3,465.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | **$500.00** |

### 4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.
*Check one.*

✓ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Post confirmation property insurance coverage

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☑ The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insurance | Insurance Company | Insurance coverage Beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| FirstBank Puerto Rico | Eastern American Ins. | 04/28/2025 | $47.00 | $1,645.00 |

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of _____.

☐ _____ of the total amount of these claims, an estimated payment of _____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately _____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☑ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____.

7.2 **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

**PART 8: Nonstandard Plan Provisions**

8.1 **Check "None" or list the nonstandard plan provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**

   The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

2. **8.3 This Section modifies LBF-G Part 2, Section 2.3; Income Tax Refunds to be used to fund the Plan:**

   Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

3. **8.4 This Section modifies LBF-G, Part 3, Section 3.1; to include post-petition car loan arrears:**

   The Debtor proposes to pay FirstBank Claim No. 2 its pre-petition arrears ($1,423.90) and also post-petition arrears in the sum of $1,898.40 through the Plan. The Debtor to commence making direct post-petition payments to FirstBank in October/2023.

4. **8.5 This Section modifies LBF-G Part 3, Section 3.1; to provide for secured creditor Hacienda San Jose HOA, Inc.:**

   The Debtor provides for secured creditor Hacienda San Jose HOA, Inc. as per Settlement/Stipulation approved by the Court on July 8, 2025, *Order Approving Settlement/Stipulation*, Docket No. 54 Adversary Proceeding No. 23-00055 ESL.

**PART 9: Signature(s)**

*/s/Roberto Figueroa Carrasquillo*             Date     04/08/2026
**Signature of Attorney for Debtor(s)**
**Roberto Figueroa Carrasquillo**
**RFigueroa Carrasquillo Law Office PSC**

Date

Date

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

Label Matrix for local noticing
0104-3
Case 23-00797-MCF13
District of Puerto Rico
Old San Juan
Wed Apr 8 10:29:47 AST 2026

BANCO POPULAR DE PUERTO RICO, SERVICER FOR F
c/o SARLAW LLC
BANCO POPULAR CENTER, SUITE 1022
209 MUNOZ RIVERA AVE
SAN JUAN, PR 00918-1002

COOP A/C JESUS OBRERO
PMB 159 HC 01 BOX 29030
CAGUAS, PR 00726-4900

FIRSTBANK PUERTO RICO
C/O MARIA M BENABE RIVERA ESQ
PO BOX 9146
SANTURCE, PR 00908-0146

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

Amex
PO Box 1270
Newark, NJ 07101-1270

Attorney General of the United States
Merrick B Garland Esq
950 Pennsylvania Ave NW
Washington, DC 20530-0001

BANCO POPULAR DE PUERTO RICO
SERVICER FOR FANNIE MAE
PO BOX 362708
SAN JUAN PR 00936-2708

Banco Popular de Puerto Rico
Mortgage Servicing Department
PO Box 362708
San Juan, PR 00936-2708

COOP A/C JESUS OBRERO
PO BOX 1419
GUAYNABO PR 00970-1419

Citi
PO Box 6190
Sioux Falls, SD 57117-6190

Comenitybank/victoria
PO Box 182789
Columbus, OH 43218-2789

(p)DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUB
P O BOX 41269
SAN JUAN PR 00940-1269

EASTERN AMERICA INSURANCE
PO BOX 9023862
SAN JUAN, P.R 00902-3862

FIRSTBANK
CONSUMER SERVICE CENTER
BANKRUPTCY DIVISION -(CODE 248)
PO BOX 9146, SAN JUAN PR 00908-0146

Hacienda San Jose HOA, Inc.
c/o Luis R. Vivas, Esq.
Riviera Village
137 Chelsea St.
Bayamon, PR 00959-2717

Hacienda San Jose Homeowners Assoc Inc
PO Box 4069
Bayamon, PR 00958-1069

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

(p)LUMA ENERGY
REVENUE PROTECTION
PO BOX 364267
SAN JUAN PR 00936-4267

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lcdo Reinaldo Cintron Flores
PO Box 4133
Bayamon, PR 00958-1133

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

SBA US Small Business Administration
Disaster Assistance
14925 Kingsport Road
Forth Worth, TX 76155-2243

Small Business Administration PR
Pedro J Lopez Bergollo, ESq
273 Ave Ponce de Leon Scotiabank Plaza S
Hato Rey, PR 00917

Syncb/Sams Club
PO Box 965005
Orlando, FL 32896-5005

Syncb/netwrk
C/o
PO Box 965036
Orlando, FL 32896-5036

Synchrony Bank
c/o of PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

United States Attorney District of PR
W. Stephen Muldrow Esq
Room 150 Federal Bldg
San Juan, PR 00917

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

LAURA MARGARITA SERRANO SANTANA
VILLA CARIBE 220 VIA CAMPINA ST
CAGUAS, PR 00727-3048

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


DTOP
PO Box 41269
San Juan, PR  00940-1269

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

LUMA ENERGY
REVENUE PROTECTION
PO BOX 364267
SAN JUAN, PR 00936


(d)Luma Energy
PO Box 364267
San Juan, PR  00936

End of Label Matrix
Mailable recipients    31
Bypassed recipients     0
Total                  31